Durand v. Durand.

Elsy Ann Durand v. Ira H. Durand.

Appeal from the District Court of the First District, Buchanan, J.

This case was submitted, without argument, by Grymes, for the appellant, and Barton, for the defendant.

Bullard, J. The plaintiff represents that in 1834, through the agency of her husband, she caused to be adjudicated to her a square of ground in the suburb Bouligny. That when the authentic act of sale was to be made, she, in perfect confidence in

---

Durand v. Durand.

the honor and good faith of Ira H. Durand, caused the act to be passed to him in confidence and trust that he would hold the same for her use and benefit, and upon his special promise so to do. That she has actually paid the whole purchase money, which has become due. That she has since sold the lot of ground to Harper & Merrick, and that I. H. Durand, at her request, has signed the act of sale, the price of said sale being $4175 18, of which $500 was cash; but that since the passing of said sale the defendant pretends fraudulently to claim as his own, the money and notes given for the price, which are deposited with W. Y. Lewis, the notary. She, therefore, prays for a judgment decreeing that the money and notes belong to her, and may be given up to her, and that the defendant be enjoined from demanding or taking the same out of the hands of the notary.

An injunction was issued accordingly. The defendant, after setting up an exception which we do not consider it material to notice, answered by denying the plaintiff's title, and averring that he became the owner of the property, and had sold the same. He denied that any part of the price had been paid by the plaintiff; but says that, if any thing has been paid by J. M. Durand, her husband, it was out of his (defendant's) share in the estate of his father, which funds had been wrongfully withheld from him.

There was judgment in favor of the defendant, and the plaintiff has appealed.

The most material allegation in the plaintiff's petition, and without proving which she cannot succeed in this case, is, that the defendant acted as her agent in acquiring the square of land, and in executing a conveyance afterwards to Harper & Merrick. Of this fact, no evidence whatever has been given. Even admitting that the parol evidence was admissible, it would only tend to show that the husband John M. Durand, and not the wife, was the real contracting party. There is evidently something in the case which neither party is disposed fully to disclose, lest it should appear to be one of these in which courts of justice are forbidden to interfere.

*Judgment affirmed.*